All right, now we'll move to our next case now, which is SuVicMon Development v. Morrison. Mr. Cleveland, I believe you're up first. We'll wait for everyone to get on, of course. Are we ready? All right, Mr. Cleveland. May it please the court. I'm Kenneth Lee Cleveland. I represent SuVicMon Development, Gardendale Housing, and Patriarch Enterprises. They are creditors of bankruptcy debtor Charles Morrison, Sr. They have a non-dischargeable securities violation law, law violation, and fraud judgment against Mr. Morrison. We make two arguments in this case. The fraudulent transfer case may proceed with the debtor as a party because the discharge injunction does not apply to actions to collect a debt that, once the debt is ruled not dischargeable. And second, under Bankruptcy Code 524E and the Jet Florida case, the action is only to collect from third parties and is therefore allowed under Section 524A. The primary argument raised by the debtor is that the fraudulent transfer case needed to be separately declared not discharged in the Bankruptcy Court. If you look at Diaz, Ross, and Spencer cited in my brief, they all hold that discharge of the underlying debt permits collection of a debt personally from the debtor. I would also add to those cases the 2020 unpublished case from this circuit, Enri Loader, which is 11th Circuit Case Number 1910891, February 25, 2020. At pages 4 to 5, the court says Loader does not dispute that he owed ice makers $5,652 or that that amount was not dischargeable pursuant to Section 523A. He therefore concedes, as he must, that ice makers attempt to collect that sum did not violate the discharge injunction, citing Diaz, quoting the discharge injunction in 11th USC Section 524A2 does not apply to non-dischargeable debts. Accordingly, holders of non-dischargeable debts generally may attempt to collect from the debtor personally for such debts. If we establish the requisite elements of Section 523, the creditor is entitled to collect the whole of any debt. So we would submit that that rule applies to the fraudulent transfer case. In order to make a fraudulent transfer case, party must be a creditor of the transferor, Mr. Morrison in this case. So the rule that Roth and Diaz and Spencer is not limited to just child support cases, which those cases were, it applies to any action to collect a debt where the debt is ruled not discharged. In Diaz, they allowed revoking a driver's license as a collateral action to collect the debt. So it doesn't matter what kind of action it is, if the purpose of the action is to collect the debt, the action is allowed to include the debtor as a party once the debt is declared not discharged, as we have in this case. Now, the debtor relies on one case from the First Circuit, Henry Handy. And Handy does not apply to this case in any meaningful way. Handy, the person in bankruptcy was Ms. Handy, she was the transferee. That's significant because she was not the underlying debtor whose debt supports the fraudulent transfer action. She was the transferee, she had received the property under the HealthSouth case in Alabama, it becomes her property. Parker was trying to get her property, but had not obtained an exception from the discharge, having only filed a motion to lift the stay. The bankruptcy court had discharged Ms. Handy's debts. In this case, we're proceeding against Mr. Morrison Sr., the transferor. The bankruptcy court has held his debt to my clients as not discharged. Therefore, my clients can file a garnishment and attachment, they can get his property by any lawful means. They can collect from him in personam. Can you please explain one thing to me? It's my understanding that your clients are not actually trying to collect this debt from Mr. Morrison, at least in the context of the appeal of the fraudulent transfer suit. Why does Mr. Morrison need to be a party to that suit in the first place? The Simmons case, which is cited in footnote six of my brief, says that the transferor is a proper party. The reason Mr. Morrison needs to be there is his intent to transfer the property with intent to delay, hinder, or defraud my clients is a prerequisite for us prevailing. Having the transferor as a party makes his out-of-court statements the admissions of a party opponent. For example, his deposition was the primary evidence that we used. We did not have a fraudulent transfer claim in the original case. Once we took his deposition and he made admissions, we added the fraudulent transfer case. His intent is the prerequisite. We must prove. What I don't understand is why you can't take an appeal. Whether he's in the appeal or not, you've got the same arguments. Well, we can. You're going to be traveling on a cold record out of the trial court. In the appeal, yes. Why does he have to be a party to the appeal? We want the case reversed as to him so that on retrial we can try the case with him as a party and put his admissions into evidence from his deposition directly as admissions of a party opponent. See, we lost it. You can introduce, if you win the case against the two sons, you can put on all that evidence. You don't need him. We don't necessarily he's not a necessary party, but he is a proper party under the Simmons case. And he's he as if you look at the jet Florida case to anytime you're going after the assets of someone else in a garnishment or in a fraudulent transfer case, the debtor that the underlying debtor is sort of a tag along party. But we, he is a proper party under Alabama law, and it would make our evidence, and it would make explaining to the jury how the case proceeded, it would interfere with our right, you know, to have a fair trial in the retrial of the case. And that's the reason we would like to have him as a party. Did I have to do is subpoena him to testify. Well, in the region. That's true, but he may become unavailable. He is the 70s. And there are there are practical problems that we could encounter and that's the reason we would like him as a party to the case is because it avoids a lot of those practical problems that he could be he could be he could disappear. After the Alabama Supreme Court rules in your favor. That is correct. He was a different heat well. Like I said, if he's a party opponent, we don't have to subpoena him we don't have to track him down. Well, the problem the weakness, I say with your, and I wondered why you were so determined to get him in the weakness I see with your argument about we need him in so it to be a statement admission of party, which is always. Is there, to the extent that it helps your case and establishes a fraudulent transfer. Those were admissible those statements that he may have made the evidence that are admissible as statements against interest are they not. My time has expired my answer your question, please. Yes, they would be admissible as statements against interest. So that that would be admissible as well, but we are allowed by law to to include him as a party he is an appropriate party under the Simmons case. Yeah, but we keep asking you and you hadn't answered it yet. Why do you want him. It helps us understand the case, if we know why it matters to the parties. I believe that it makes our case easier to prove. I may be wrong on that but I believe that. Thank you. My time has expired. There's already I'm not pronouncing that correctly. That's good. Miss Erie, Erie. Okay. Thank you. You've got 15 minutes. Thank you, Your Honor. Good morning. May it please the court. My name is Angela area and I represent the appellee Charles Warren since senior who, as counsel said, is the debtor in the underlying bankruptcy case. Your Honor, the bankruptcy code defines debt as a liability on a plane. At the heart of this matter, there are two liabilities. Thus, two different debts. The first one is debtors liability on the securities fraud claim. The second is debtors liability for a fraudulent transfer claim. The securities fraud liability was determined by the bankruptcy court to be non dischargeable under section 523 a 19. Consequently, the discharge injunction does not apply to that we do not dispute that. However, the fraudulent transfer liability was not deemed non dischargeable. Thus, it was discharged under section 727. Therefore, the discharge injunction is applicable and does apply to it. Appellants attempt to argue around that injunction by calling it just a mere collection action is not true and not supported in the law fraudulent transfer claims are meant to keep the debtor from placing their assets beyond the reach of their creditors. One of its key differences from a mere collection action is that liability has to be determined in order to have a valid claim or receive a judgment. Whereas in collection actions liability has already been determined, it is not an issue as opposing counsel has repeatedly said they want Mr. Morrison because if they overturn the appellate court and can retry the case, they want him available to prove his intent. That is exactly what I'm arguing here. These are two different liabilities. That's two different debts. One was discharged and one was not. But maybe this is maybe this is breaking it down to simply but it's not as if there's any way to double collect here right I mean it's it's one debt. The question is whether you can collect it from him or from the sun. Am I missing anything there. No, you are correct. So, what transforms then the second action into a separate liability as opposed to merely a means of figuring out where to collect the first liability. I think it just boils down to like the black letter of the law that because it is defined under the bankruptcy code as a liability on the plane. If you have separate liabilities they are separate debts. And that's why 523 exists with all of its various components of, you know, is it a debt for fraud, is it a debt for taxes, is it a debt for securities fraud. So unless you meet those requirements which is a stronger burden, because you know that the law is designed not to infringe on a debtor's economic fresh start, then you're not entitled to a discharge, you know, a non-dischargeable debt. In this instance, the appellants did get a non-dischargeable order as to the securities fraud, but they did not ask nor receive for a discharge. They claim that the relevant inquiry again is just that the fraudulent transfer claim is filed to collect the non-dischargeable debt. The bankruptcy court and the district court disagreed with that, and that's correct. The relevant inquiry is whether the fraudulent transfer claim is barred from continuing by the debtor's discharge injunction. It is as simple as that, and it is because it was not accepted from discharge under 727. And despite appellant's assertions now to this court, not the lower courts, but to this court, the fraudulent transfer claims were filed six years prior to the bankruptcy filing. This is not something that was filed post-discharge in order to try and collect on a non-dischargeable debt. Along the same lines of Judge Karn's earlier question, why is it that Mr. Morrison cares so much about not having this action pursued against him, the fraudulent transfer action? Because he doesn't have the money to pay for the defense. He didn't have the money to pay for his defense at the state court level, and he can't afford it. He can't afford to defend himself in continued appeals. He filed bankruptcy. He lives on Social Security now. He doesn't have any assets, as the schedules are clearly state. He just can't keep going on with this, and he thought when he filed bankruptcy, he was going to be protected. I assume he's paying fees for this appeal. Is the bottom line argument it's cheaper to do an appeal than a potential full retrial? We didn't file the appeal, so we've just been defending. Right. If the Alabama Supreme Court reverses the trial court, they can simply subpoena him to testify in the case, or they can, as Judge Karn says, all that evidence, all his ambitions are against his interest. I am at a loss as to why they have to have him before the Alabama Supreme Court. I agree. He could disappear the next day. He doesn't need to be physically before the court. I agree. I agree with the district court's memorandum of opinion that pointed that out. I can't imagine that a retrial is any more difficult because he's not in the Supreme Court of Alabama. I'm at a total loss to understand that. Yes, Your Honor. I appreciated the district court's analysis as relating to the Enraged Florida Systems case of your court, where in that case, they decided not to have the debtor be a party to the appeal because they held that there are no third-party insurers. It also held that the debtor, Mr. Morrison, will be personally liable for all costs of the defense, and he's not needed for that appeal. They're sort of making a due process argument is what they're really making. Yeah. Somehow it's unfair if he doesn't appear in the Alabama Supreme Court. That's correct, Your Honor. We have not disputed that the sons are subject to 524E and that they are free and have been free to continue on in their attempts to try and overturn the lower courts as to the sons. You also don't dispute they'll have to prove his intent. That's correct. Do they also have to prove the son's intent or knowledge of the father's intent? I don't believe so. My recollection of the fraudulent transfer claims law is that it's the debtor's intent, whether he intended to avoid paying his creditors. That's added. Is it also true that one of the remedies for a successful fraudulent transfer claim in Alabama is a money judgment? That's correct. For the value of the property that was transferred. So this could result, if his wildest dreams come true, the appellant's wildest dreams come true, could result in a monetary judgment against Mr. Morrison to follow. That's correct. If the discharge injunction is held not to have applied. That would be on the retrial, though, if that would happen. Correct, Your Honor. So basically, the discharge would be meaningless. That's correct. Even though they did not object in the back of the court to the discharge. That's correct, Your Honor. That's one thing I'd like to point out in the record is that appellants did file an adversary proceeding, and they originally filed that adversary proceeding, a 523-A-19, and I believe a 2 or a 4 fraud claim. But in their motion for summary judgment, they only asked for a judgment as to the 523-A-19. Debtor did not respond because, again, he did not have the funds to pay for that, so that was allowed to occur. And we don't dispute those facts for that law. We just that a fraudulent transfer claim, which is a separate claim, separate debt, be allowed in contradiction to the discharge injunction. But again, isn't the securities fraud debt was not discharged, so he's already responsible for that, correct? That's correct, Your Honor. And the fraudulent transfer action is to, in effect, determine whether that debt is collectible from his sons, right? That's correct. That's a separate action as to whether he committed fraud in transferring property to his sons. And so is the heart of your argument that the fact that he had to pay attorney's fees in that action is a separate liability, or is your argument different than that? Essentially, are the attorney's fees kind of atmospheric, or is that really the basis of your argument? We don't dispute attorney's fees. I've read the Loder case and everything else that he cites that attorney's fees are included in a non-dischargeable debt. I wouldn't dispute that. It's more so just, you know, as to the fraudulent transfer claim, debtors shouldn't have to continue defending an appeal, retrial, what have you, because he was discharged of that debt and that liability. As to collection actions, you know, if they want to try and garnish as to the securities fraud claim, they're within their rights to do that. You can't fight that. I kind of already summarized my argument as to the courts in Ray Jett Florida Systems case. I guess I would just kind of summarize real quick that, you know, we're in agreement with both the bankruptcy court's analysis and the bankruptcy court's analysis on that case. Appellate used that case as basically saying, you know, if it's a prerequisite for a debtor to be proved liable in order for third party insurers or someone that's going to pay for a defense, pay for a judgment, then that is acceptable to the court. But our view is, is that that decision in the case law that was analyzed as the basis for it was very limited in scope. It was not meant to be a free for all that debtors can always be brought in as parties, improving the liability of a third party. That's the only case that was cited to the bankruptcy court, wasn't it? Any other case cited to the bankruptcy court? On behalf of the appellate? No, not in the initial motion and briefs. That's it, wasn't it? Yes, they relied on the Ray Jett Florida Systems case. That's the only one that the bankruptcy court mentioned in the order. So I assume that was the only case submitted. Yes, I believe so. There were additional cases at the district court level, but they viewed those as non-binding authority. So I would just respectfully request that this court affirm the decisions of the lower courts. I believe their analysis was correct and that the law stands behind it. Thank you, your honors. Thank you. Mr. Cleveland, you've got seven minutes. We make two. You can't hear me. Yeah, we make two completely separate arguments. The first argument was the discharge injunction does not apply in the bankruptcy court. We did cite the Diaz and Roth cases for that argument. If you look at the bankruptcy court opinion, the bankruptcy court said, well, we hear that argument, but it doesn't even apply at all. So the bankruptcy court never addressed the rule that once you have a debt that's discharged that you can collect against, that you can proceed as a separate collection activity. Now, one thing I want to make crystal clear, we have a non-dischargeable judgment for Mr. Morrison somewhere in the range of $700,000 if you add up the three judgments. If we get a judgment in the, if the Supreme Court of Alabama reverses and we go get a retrial, we get a judgment. We cannot get any more from Mr. Morrison than that judgment. All we would get is a money judgment against the sons who have separately, one of the sons was transferred property that he sold a year later after the transfer for $700,000. Yeah, but you can get that irrespective, Mr. Morrison. Yes, sir. Everybody agrees the sons aren't discharged. The sons are not discharged. We can get that irrespective of Mr. Morrison. Mr. Morrison wants to walk back his testimony. If we call him as a witness at trial and start asking him questions, he's going to say, I had no intent to transfer that. These were transfers unrelated to things. If we put his deposition in as directly, read his deposition into the trial first, then he has to be called by them to counteract his testimony. You can read those statements into the record as statements against interest. That allows you just to read in the parts that you like. The trial judge would not let us do that in the first trial. We had to call him as a witness. Well, then appeal that to the Alabama Supreme Court in the second trial. We may have to do that. I'd like to have him there to avoid... You're asking us to make your trial easier for you, and I'm not sure that that's the proper function of a discharge exemption issue in the bankruptcy court. The proper function of the discharge is to determine whether or not we can proceed with Mr. Morrison as a party, and that's a black letter law issue. Whether we can proceed against him or not, our motives for proceeding against him, while important for you to understand why we want to do it, are not in any of the law relevant. In the Jet Florida case, the court had looked at two things. This is a separate argument, independent. Even if the discharge injunction would apply, separately under the Jet Florida case, this court held that you can have a creditor in a case, and that case was a defamation case. The debtor can be sued in order to collect against third parties, and separately and independent. In that case, the Jet Florida had a discharge. They were discharged from the underlying debt. The court allowed a lawsuit for defamation, a tort claim against Jet Florida, because Jet Florida had insurance another party was going to pay. The court looked at two things. Is another party going to pay, and what would happen if the debtor defaulted? In this case, those are the same considerations. Another party is going to pay. Mr. Morrison is completely judgment-proof. He's on social security. You're going to make him spend money. You want to make him spend money, Mr. Cleveland. You want to make him spend money in the Alabama Supreme Court. If he assumes that he's broke, he just won't file a brief. What will that get you? It won't get you anything. Actually, the Jet Florida court addressed that very issue. I speak for myself. That case is against you, flat out. I read the cases, the court saying that we looked at the question of whether or not the debtor would have to spend money, and the debtor does not have to spend money if the other parties have to spend money. You want to make Mr. Morrison spend money in the Supreme Court of Alabama. Then you want him to spend some more money on a retrial. The two sons will pay for his defense. The practical reality is that he'd have to hire the lawyer. If he defaulted. And pay the court costs. They would have to pay his lawyer. If he were on appeal and he lost, he'd have to pay court costs in addition to lawyer fees. Well, I didn't think about the court costs, but the court costs would be assessed against the sons as well, and they would have to pay that. It'd be a judgment against him for costs. You know that. Yes, sir. I think you're correct on that.  We would stipulate. For your cost, a judgment against the person. We would stipulate that we would not charge costs against the debtor. Oh, you're going to give away the law? If you stipulate that, why do you want him up there? If it's not going to cost him anything. We want him up there because. Do you want to pay for his lawyer? No, the sons will pay for his lawyer. Would you agree to have to hire a lawyer to be in the Alabama Supreme Court? He doesn't actually have to. Why? Because he can default without any additional consequence to himself. And then the cost will be imposed against him. Like I said, your honor, I would stipulate that we would not charge costs against him. I can understand if we added any costs to Mr. Morrison in addition to the $700,000 semi-judgment, that could interfere with the discharge injunction. So just like in Florida, where they said any judgment over the insurance amount would not be collected against the debtor. We would not attempt to collect any costs. If he defaults in the case, what's the result on the case against the sons? Does that automatically create a win for you against the sons or do they still have a chance to escape liability? If he defaults, he's defaulting that he intended to defraud in the transfer, so the sons would lose if he defaults. They must put up a defense to avoid that. Well, they wouldn't lose if they contradicted his defense with some evidence. I don't know what it would be if it was his own admission. And maybe that's why you're trying so hard to get him in here. But you come up before us and you say reverse the bankruptcy court in part based on a stipulation, which I'm willing to bet you didn't make in the bankruptcy court, correct? I did not think about the cost, your honor. I understand that, but why should we reverse a trial court here, a bankruptcy court, based on something that you say for the first time in the court of appeals? Well, the jet Florida case didn't really address the cost either. It just simply said that. So then we ignore your stipulation. That's what you tell us. I would be judicially stopped to change that stipulation. I have made it an open. I'm not talking about what happens on the bankruptcy court decided this case based on what it had in front of it. That's right, wrong, or we'll have to think about it. I don't see how that changes based on something that you offered for the first time in the court of appeals. It's like saying when you get in the court of appeals, hey, I had this witness who will testify to so and so. Send me back, reverse the bankruptcy court because of that, and I'll put in that person's testimony. It was never mentioned or even addressed by the bankruptcy court. So the issue was not addressed by the bankruptcy court. It was for the first time. It was put to me as a question by this court. And that is the reason I responded for the first time in this court. That's the first time that's ever been mentioned. The bankruptcy court did not address costs. That's what you're saying. Correct. Bankruptcy court never mentioned it. Never. It was never discussed. It was never brief. There was not a single word mentioned about cost in the bankruptcy court ever. So your argument is the bankruptcy court would not have thought at all because he's not that bright. I'll put it that way. Bankruptcy court wouldn't have thought that it would cost him money to go to the Alabama Supreme Court. And if he lost, he'd have had costs imposed. So he had to pay a lawyer to litigate. He couldn't afford to have a default because if he had a default, the cost would be imposed by the court. And your argument is the bankruptcy judge didn't think about that at all. That's beyond comprehension. The bankruptcy judge thought about attorney's fees, which is addressed in the Jett, Florida case. The bankruptcy judge did think about the attorney fees and whether or not he would make a defense. Whether or not if he defaulted, cost would be imposed was never addressed. If you look at the Jett, Florida case, the bankruptcy court said that that case was inapplicable. Period. The reason the bankruptcy court gave was it was entirely limited to insurance claims. 524E is broad and says any party. And the language in the case is much broader than insurance, though insurance was the facts in the case. So the rule would apply outside of those facts as a persuasive argument. Is there a rule that Mr. Morrison could not be subjected to any new civil suit about anything based on the bankruptcy court's previous orders? Any action to collect the judgment that we have this non-dischargeable, even if it was new. If we found out he had transferred property last year, we could file a garnishment on that property. If we found him, we had a bank account, we could file a new action to collect the judgment we have because it's non-dischargeable. We can't file another claim that prior to his bankruptcy, if he had had a tort claim that we could make or a contract claim that we didn't make, we can't add that again. His discharge covers all of those new claims, but we can collect the judgment we have by garnishment, attachment, sheriff's sale, any lawful process, including a fraudulent transfer action. Thank you. Any other questions? No. Thank you for your helpful arguments.